IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DIANE L. FITZGERALD,
as Surviving Spouse of
JAMES P. FITZGERALD,
Deceased,

    Plaintiff,

vs.                                                                Civ. No. 12-196 JP/LFG

THE CITY OF ALBUQUERQUE,
ROBERT J. PERRY, in his individual
capacity, and GREGORY S. WHEELER,
in his individual capacity,

    Defendants.

MEMORANDUM OPINION AND ORDER

      James P. Fitzgerald filed this lawsuit on February 28, 2012.  *See* COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND FOR CIVIL RIGHTS VIOLATIONS AND JURY DEMAND (Doc. No. 1) (Original Complaint).  Mr. Fitzgerald subsequently died on June 3, 2012 due to causes unrelated to his lawsuit. As of the date of Mr. Fitzgerald's death, Mr. Fitzgerald had not obtain summonses for the Defendants and he had not served the Original Complaint on Defendants.

      Then, on June 22, 2012, Mr. Fitzgerald's wife, Diane L. Fitzgerald, filed a FIRST AMENDED COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND FOR CIVIL RIGHTS VIOLATIONS AND JURY DEMAND (Doc. No. 5) (First Amended Complaint).  The First Amended Complaint substituted Ms. Fitzgerald in place of Mr. Fitzgerald as Plaintiff, and reiterated Mr. Fitzgerald's claims from the Original Complaint.  On July 26, 2012, Ms. Fitzgerald filed a motion under Fed. R. Civ. P. 25(a)(1) seeking an order

approving her substitution as the proper plaintiff. PLAINTIFF'S MOTION FOR CONFIRMATION THAT DIANE L. FITZGERALD, AS SURVIVING SPOUSE OF JAMES P. FITZGERALD, IS THE APPROPRIATE PARTY PLAINTIFF AND TO APPROVE HER SUBSTITUTION (Doc. No. 14) (Motion to Approve Substitution). Defendants oppose the Motion to Approve Substitution and move for summary judgment on the claims in the First Amended Complaint.[1] *See* DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONFIRMATION THAT DIANE L. FITZGERALD, AS SURVIVING SPOUSE OF JAMES P. FITZGERALD, IS THE APPROPRIATE PARTY PLAINTIFF AND TO APPROVE HER SUBSTITUTION (Doc. No. 15); DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 16) (Motion for Summary Judgment).

Rule 25(a)(1) states, in pertinent part, that

[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

Defendants argue that Ms. Fitzgerald cannot be substituted as the Plaintiff under Rule 25(a)(1) because Mr. Fitzgerald's claims "extinguished" or abated upon his death. Similarly, Defendants argue that they are entitled to summary judgment because the claims did not survive Mr. Fitzgerald's death. Ms. Fitzgerald contests the Motion for Summary Judgment and contends that

---

[1] Defendants further state in a footnote, without argument or citation to law, that the First "Amended Complaint was not properly filed and does not comply with F.R.Civ.P.25." DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 23) (Reply) at 2 n.1. D.N.M. LR-Civ. 7.3(a) requires that a brief "cite authority in support of the legal positions advanced." Having failed to cite legal authority for their statement that Ms. Fitzgerald did not properly file the First Amended Complaint, the Court is not compelled to decide the issue of the propriety of the filing of the First Amended Complaint. Defendants, of course, are free to file a motion, with legal citation, which challenges whether Ms. Fitzgerald properly filed the First Amended Complaint.

the Court should allow her to proceed as the proper plaintiff in this case. *See* PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 19). The Court will first address the Motion for Summary Judgment and then determine if the Motion to Approve Substitution should be granted.

A. *The Standard for Summary Judgment*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

B. *Mr. Fitzgerald's Claims*

Defendant City of Albuquerque (CABQ) employed Mr. Fitzgerald as an assistant city attorney during two different periods. Mr. Fitzgerald more recently worked for CABQ from

---

[2]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

1999 until July 31, 2011, during which time Mr. Fitzgerald suffered from multiple sclerosis (MS).  First Amended Complaint at ¶¶ 7-8.  CABQ eventually terminated Mr. Fitzgerald's employment.  As a result of the termination, Mr. Fiztgerald filed Americans with Disabilities Act (ADA) charges with the Equal Employment Opportunity Commission (EEOC) against CABQ for discrimination based on his MS.  On December 2, 2011, the EEOC issued right to sue letters for the ADA claims which indicated that Mr. Fitzgerald had 90 days from the receipt of those letters to file a lawsuit.  Doc. No. 23-1.   Defendants contend that Mr. Fitzgerald's counsel received those right to sue letters on December 5, 2011.

Mr. Fitzgerald filed this lawsuit for unlawful termination within 90 days of the receipt of the rights to sue letters.  Mr. Fitzgerald sued CABQ, Robert J. Perry, and Gregory S. Wheeler, and brought claims under 1) the ADA for discrimination and retaliation, 2) the New Mexico Human Rights Act (NMHRA) for discrimination and retaliation, 3)  42 U.S.C. § 1983 for violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution, and 4) under NMSA 1978, § 50-4-1, *et seq*. for failure to compensate.  Mr. Fitzgerald sought, among other things, compensatory damages as well as punitive damages from the individual Defendants.

*C.  Discussion*

The Court must look to the New Mexico survival statutes to determine whether Mr. Fitzgerald's claims survived his death.  *See Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978) (federal courts examine state law to determine if a § 1983 claim survives death) (citing 42 U.S.C. 1988(a))); *Allred v. Solaray, Inc.*, 971 F.Supp. 1394, 1396 (D. Utah 1997) (federal courts examine state law to address whether ADA claims survive death) (citing 42 U.S.C. § 1988(a); *Slade for Estate of Slade v. U.S. Postal Service*, 952 F.2d 357 (10th Cir. 1991)).  According to

Ms. Fitzgerald, the relevant New Mexico survival statute is NMSA 1978, § 37-2-4 (1884) which states:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

Since a plaintiff, not a defendant, died in this case, the exceptions listed in § 37-2-4 do not apply. Ms. Fitzgerald, therefore, asserts that since this lawsuit was pending prior to Mr. Fitzgerald's death, § 37-2-4 dictates that Mr. Fitzgerald's claims survive his death. On the other hand, Defendants argue that § 37-2-4 does not apply because the lawsuit was not pending at the time of Mr. Fitzgerald's death and that the Court should apply NMSA 1978, § 37-2-1(1884) which describes causes of action that survive death when a lawsuit is not pending at the time of death. The Court will first examine whether § 37-2-4 is the applicable survival statute.

Defendants contend that this lawsuit could not have been pending at the time of Mr. Fitzgerald's death because Mr. Fitzgerald never "commenced" the lawsuit. Defendants assert that a lawsuit is commenced when the complaint is filed and summonses are issued. Here, Mr. Fitzgerald did not obtain summonses nor did he serve process on Defendants. Defendants also assert that although Mr. Fitzgerald filed the lawsuit within the 90 day period of time prescribed by the EEOC right to sue letters, he did not effect service of process within the 90 day period of time, thereby time barring the ADA discrimination and retaliation claims. Hence, Defendants conclude that those claims could not have been "'pending' causes of action under NMSA Section 37-2-4." Reply at 8.

Defendants cite to "a plethora" of cases from states other than New Mexico "for the proposition that an action is not considered commenced until the complaint is filed AND the

summons issued." *Id*. at 3. These cases are unpersuasive support for Defendants' proposition because New Mexico law explicitly and unambiguously states, without any reference to the issuance of a summons, that "[a] civil action is commenced by filing a complaint with the court." NMRA, Rule 1-003. [3]

Next, Defendants cite to *Lindsey v. Dayton-Hudson Corporation, d/b/a Target Stores*, 592 F.2d 1118 (10th Cir. 1979) to demonstrate that the Tenth Circuit Court of Appeals has also held that actions are not commenced until both the complaint is filed and the summons issued. *Lindsey*, however, is unhelpful to Defendants. *Lindsey* concerned Oklahoma law which provided that a statute of limitations would be tolled as of the time the action was commenced. *Id*. at 1121-1122. An Oklahoma statute within the chapter of laws on statute of limitations indicated that an action was commenced for tolling purposes when the complaint was filed and the summons issued. *Id*. at 1122. Commencement of actions "for all other purposes" was governed by another statute. *Id*. *Lindsey* is readily distinguishable from this case because it was limited to interpreting a specific statute concerning the application of a statute of limitations; it did not interpret a more general statute governing when actions commence in Oklahoma, similar to NMRA, Rule 1-003.

Defendants then cite to New Mexico cases which allow courts to dismiss a case for failure to prosecute when there has been a delay in serving process. *See Graubard v. Balcor*, 2000-NMCA-032 ¶12, 128 N.M. 790; *Prieto v. Home Ed. Livelihood Program (H.E.L.P.)*, 94 N.M. 738, 742, 616 P.2d 1123, 1127 (Ct. App. 1980). A failure to prosecute timely, however, is unrelated to whether a lawsuit was first commenced by the filing of a complaint.

---

[3]Like Rule 1-003, Fed. R. Civ. P. 3, states unequivocally and without reference to the issuance of a summons that "[a] civil action is commenced by filing a complaint with the court."

6

Finally, Defendants cite to *Romero v. Bachicha*, 2001-NMCA-048 ¶ 17, 130 N.M. 610 in which the New Mexico Court of Appeals held "that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process." Defendants also cite *Romero* for holding that under the rule regarding the relation back of amendments to a complaint, the defendant must receive "notice of the institution of the action." *Id*. at ¶ 20 (quoting NMRA, Rule 1-015(C)). *Romero*, however, does not address the issue of when a lawsuit is commenced under Rule 1-003. Instead, *Romero* focuses on what constitutes proper service of process. Again, Rule 1-003 does not, on its face, require issuance of a summons or service of process to "commence" a lawsuit; filing of a complaint is sufficient to commence a lawsuit under the law of New Mexico.

Once a lawsuit is commenced by the filing of a complaint, the lawsuit is considered pending until it is dismissed. *See West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 624 (Tenn. 2008) ("[P]endency of an action begins with the filing a complaint" when state law provides that the case commences with the filing of a complaint). Even if Defendants thought, whether correctly or not, that at the time of Mr. Fitzgerald's death the lawsuit or the ADA discrimination and retaliation claims were subject to dismissal[4], the fact that the lawsuit had not been dismissed at that time meant that it was pending.

Because the lawsuit was pending at the time of Mr. Fitzgerald's death, § 37-2-4 provides that Mr. Fitzgerald's claims survive his death. Consequently, Defendants are not entitled to summary judgment on the basis that Mr. Fitzgerald's claims did not survive his death.

---

[4]The Court notes that the EEOC right to sue letters specifically state: "If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice." Doc. No. 23-1. Mr. Fitzgerald did this. The right to sue letters did not require issuance of summonses or service of process to commence the lawsuit.

Moreover, since the claims are not extinguished, Rule 25(a)(1) permits the Court to allow Ms. Fitzgerald to be substituted as the Plaintiff.

IT IS ORDERED that:

1. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 16) is denied;

2. PLAINTIFF'S MOTION FOR CONFIRMATION THAT DIANE L. FITZGERALD, AS SURVIVING SPOUSE OF JAMES P. FITZGERALD, IS THE APPROPRIATE PARTY PLAINTIFF AND TO APPROVE HER SUBSTITUTION (Doc. No. 14) is granted; and

3. the Court approves the substitution of Diane L. Fitzgerald for James P. Fitzgerald as the proper Plaintiff.

_____
SENIOR UNITED STATES DISTRICT JUDGE